UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JENSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN CARR, RUTH MARLIN, and BARRY KRASNER,<br><br>  Defendants. | Case No. C11-1222RSL<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |

This matter comes before the Court on Defendant John Carr's "Motion to Dismiss for Lack of Jurisdiction and/or Summary Judgment" (Dkt. # 21). Defendant contends that Plaintiff's claims against each of the Defendants are barred by res judicata and must be dismissed. Alternatively, he contends that the Court lacks jurisdiction over the gravamen of Plaintiff's claim—that each Defendant violated his or her alleged duty to fairly represent Plaintiff's interests by failing "to correct an illegal and discriminatory agreement" entered into by the previous administration of the National Air Traffic Controller's Association ("the Union"). See Amended Complaint (Dkt. # 22) at 1.

For the reasons set forth below, the Court agrees with Defendant. Plaintiff's claims against Mr. Carr, Ms. Ruth Marlin, and Mr. Barry Krasner are clearly barred by res judicata. Accordingly, the Court GRANTS Defendant's motion and ORDERS Plaintiff's claims against each DISMISSED WITH PREJUDICE.

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE - 1

## I. BACKGROUND

On its face, this case concerns a dispute over alleged breaches of contract. Plaintiff is a former federal air traffic controller. Mr. Carr is the former president of the Union, and Ms. Marlin is the former vice-president. Amended Complaint (Dkt. # 22) at 6–7. Mr. Krasner is or was its executive director. Id. at 7.

Defendant contends that each Defendant breached his or her obligations to Plaintiff by refusing to act on his requests that they correct the previous Union president's "administrative error." Id. at 1, 6–7. As Plaintiff alleges, that error occurred when the Union and the Federal Aviation Administration "entered into an illegal and discriminatory agreement" that resulted in Plaintiff and 164 other controllers in the "fourth year of a four-year program to contract out control towers at small airports" receiving smaller pay increases than they might otherwise have received. Id. at 1–2.

Of course, the full story is much more complicated. The agreement at the heart of this dispute was entered into by the Union in July of 1998—before Mr. Carr or Ms. Marlin attained their positions. See Dkt. # 22-2 at 39 (Brodowy v. United States, No. 05-961C, 2006 WL 5631717, at *4 (Ct. Cl. 2006)). And Plaintiff resigned from his job in April of 2003, Dkt. # 22-2 at 18 (Nat'l Air Traffic Controllers Ass'n v. LaHood, No. 1:94–CV–00574, at 2 (N.D. Ohio Sept. 30, 2005)). Since then, he has waged a never-ending battle to recover the lost wages to which he feels he is entitled, filing at least thirty administrative and judicial claims against various parties and entities. See Jenson v. Mellody, No. 2:10–cv–00493–LMB, 2011 WL 3679142, at *1–4 (D. Idaho Aug. 23, 2011) (noting many of the case and their results); see also Mot. (Dkt. # 21) (detailing cases and administrative proceedings).

He has yet to secure a single victory. To the contrary, both the District of Idaho and the Northen District of Ohio have found him to be a vexatious litigant and entered pre-filing orders against him. Id. at *4–5; Nat. Air Traffic Controllers Assoc. v. LaHood, No. 1:94–CV–00574, 2011 WL 971376, at *2 (N.D. Ohio March 17, 2011).

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE - 2

## II. DISCUSSION

Though Defendant raises several theories as to why dismissal is appropriate in this case, the Court need only consider one: his claim of res judicata.

"'Res judicata . . . bars litigation in a subsequent action of any claims [or issues] that were raised or could have been raised in the prior action.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)); see Clements v. Airport Auth., 69 F.3d 321, 329–30 (9th Cir. 1995). Though technically an affirmative defense, the doctrine is properly raised in a motion to dismiss when, as here, all necessary facts are properly subject to judicial notice. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

Moreover, as is relevant to Ms. Marlin and Mr. Krasner, res judicata is an issue properly raised by the Court *sua sponte.* Clements, 69 F.3d at 329–30. Not only does the Court have an interest in "shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose," but the public interest is served by "avoiding inconsistent results and preserving judicial economy." Id. at 330. As a result, absent some affirmative waiver,[1] id. at 329, the doctrine applies if there exists "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Glickman, 123 F.3d at 1192.

To resolve this question, the Court turns first to the facts. Because this matter arises on a motion to dismiss, the Court accepts all of Plaintiff's well-plead factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It also takes judicial notice of each of the judicial and administrative opinions and filings relied upon by Defendant. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); cf. Dkt. # 22. Though

---

[1] The Court notes that waiver would not negate an appropriate finding of issue preclusion in this case. Clements, 69 F.3d at 327–30.

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE - 3

Plaintiff may disagree with some of the findings of those courts and administrative bodies, e.g., Opp. (Dkt. # 28) at 12 ("The Court of Appeals for the Federal Circuit also made FALSE statements in their ruling . . . ."), the Court finds that there is no reasonable dispute that each does in fact represent the actual findings of each court and administrative body.

Armed with each of these cases and decisions, the Court thus turns to the Glickman elements. Of the noticed cases, one, Jenson v. Mellody, makes the Court's inquiry incredibly easy. There, as here, Plaintiff sued a host of defendants, including Mr. Carr and Ms. Marlin. 2011 WL 3679142, at *1. There, as here, he claimed that each "'failed to correct [the] illegal deprivation of pay raises and has participated in the continuance of the violation of . . . federal laws.'" Id.; cf. Opp. (Dkt. # 28) at 19 (arguing that his claim is not subject to res judicata because it is based "on Mr. Carr's failure to demand that we be paid as if we DID move AS SCHEDULED").

And there, as he will here, Plaintiff received a final judgment. Noting that the "Federal District Courts in Ohio, Washington State, and Washington D.C., as well as the U.S. Court of Federal Claims, the Merit Systems Protection Board, the Department of Transportation and the Federal Labor Relations Authority have all rendered judgment on the merits of the same factual assertions raised here in this cause of action by Jenson, against the same defendants or their privies," Judge Larry Brown granted the "NATCA Defendants' motion to dismiss the claims against Smith, Rinaldi, Graf, Carr and Marlin . . . with prejudice." Mellody, 2011 WL 3679142, at *4; see Classic Auto Refinishing, Inc. v. Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). Accordingly, the Court must conclude that Plaintiff's claims against both Mr. Carr and Ms. Marlin for their failure "to correct an illegal and

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE - 4

discriminatory agreement" entered into by the previous administration of the Union, Amended Complaint (Dkt. # 22) at 1, are directly precluded.[2]

Furthermore, the Court also finds that Plaintiff's claims against Mr. Krasner are precluded. To the extent that Plaintiff argues liability on account of the invalidity of the 1998 agreement, that issue is precluded by the decisions of the United States District Court for the Northern District of Ohio, which twice dismissed Plaintiff's attempts to attack the agreement itself. Nat'l Air Traffic Controllers Ass'n v. LaHood, No. 1:94–CV–00574, 2011 WL 971376, at *2 (N.D. Ohio March 17, 2011); Nat'l Air Traffic Controllers Ass'n v. LaHood, No. 1:94–CV–00574, at 2 (N.D. Ohio Sept. 30, 2005). And to the extent that he seeks to assert some liability on account of Mr. Krasner's alleged failure to take steps to "fix the alleged pay scale error," that claim has already been dismissed by the District Court for the Eastern District of Washington. Jenson v. Nat'l Air Traffic Controllers Ass'n, AFL-CIO, No. CV–10–069–RMP, 2010 WL 3521590, at *4 (E.D. Wash. Sept. 07, 2010) (dismissing "Mr. Jenson's second claim, that the Union failed to represent him by not fixing the alleged pay scale error"); see also Jenson v. F.A.A., No. CV-10-0234-CI, 2011 WL 2491428, at *6 (E.D. Wash. June 22, 2011) (dismissing Plaintiff's claims for conspiracy under 18 U.S.C. § 241 "WITH PREJUDICE"); Mellody, 2011 WL 3679142, at *1–4.

---

[2] The Court notes that Plaintiff criticizes Judge Brown's decision for failing to account for the fact that his complaint in the District of Idaho alleged that each of the Union officials failed to demand that Plaintiff receive his retroactive raises "as if we DID move AS SCHEDULED" (a 14-month delay), whereas his complaint in the Federal Court of Claims only sought damages for the lesser wages he received after being moved. See Opp. (Dkt. # 28) at 19–20. While this Court understands Plaintiff's frustrations, it notes for his benefit that it is clear that Judge Brown appreciated that distinction.

The problem for Plaintiff is that the slight change in the nature of his claims is simply not enough to avoid res judicata. As Judge Brown astutely concluded: "[P]laintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory." Mellody, 2011 WL 3679142, at *4. Because "Mr. Jenson has pursued this set of facts giving rise to the same cause of action that have been alleged in the prior referenced lawsuits," the "primary alleged rights regarding pay amount and structure, and the alleged harm are the same in all actions and the remaining elements of res judicata are also present." Id.

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE - 5

## II.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendant's motion (Dkt. # 21).  Plaintiff's claims against Mr. Carr, Ms. Marlin, and Mr. Krasner arising out of their positions with the Union and their alleged failure to respond to Plaintiff's demands "to correct an illegal and discriminatory agreement" are DISMISSED WITH PREJUDICE.

DATED this 14th day of June, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge